IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEISHA SHOOTS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 13-455-CG-N |
| | ) |
| CITY OF MOBILE, et al. | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on Defendants' Motions for Summary (Docs. 70, 74) and Plaintiff's Response (Doc. 83).  For the reasons set forth herein, both motions are due to be granted.

I. **Background**[1]

Plaintiff Lakeisha Shoots filed the operative amended complaint in this action on June 2, 2014, alleging unlawful discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., and 42 U.S.C. §§ 1981, 1983 against the City of Mobile ("the City") and Sergeant Carla Shumock ("Sgt. Shumock"). (Doc. 43).  Plaintiff, an African-American female, is a current employee of the City, and has served as a Public Safety Dispatcher I since 1996.

---

[1] In resolving these motions, the Court construes the evidence and the factual allegations in the light most favorable to the non-moving party. See Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007); Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999)  (providing that when ruling on a motion for summary judgment, the court "should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion.").

(Id.).  Plaintiff contends that in 2011, she applied for a promotion to the position of Public Safety Dispatcher II ("PSD II"), and although she was ranked second on the list of eligible employees, the City promoted a less experienced white employee as opposed to her. (Id.).  As a result, Plaintiff filed an Equal Employment Opportunity Commission complaint and a pro se lawsuit in this Court, alleging racial discrimination and retaliation in connection with the City's failure to award her the 2011 promotion ("Shoots I"). Shoots v. City of Mobile Police Department, Civil Action No. 1:11-00673-KD-M. In 2012, during the pendency of Shoots I, the City had an opening for another PSD II position, and although Plaintiff was interviewed for the position another African-American female was hired to fill the position. Plaintiff's denial of this particular promotion, the 2012 promotion to PSD II, forms the basis for her Title VII, § 1981, and § 1983 claims in the current lawsuit.

According to Plaintiff's amended and final operative complaint in Shoots I, Defendant Sgt. Shumock subjected Plaintiff to racial discrimination, harassment, and retaliation since 2011. (Shoots I, Doc. 16 at 11).  In her first suit, Plaintiff argued that Sgt. Shumock filed an unsubstantiated disciplinary action against her that was not presented to her, per standard operating procedures, as retaliation for a Grievance Complaint Plaintiff initiated against her immediate supervisor. (Id., at 6).  This disciplinary action resulted in the lowering of Plaintiff's service rating. (Id., at 7). Additionally, Plaintiff contends that, on one occasion, Sgt. Shumock called Plaintiff's son's doctor to verify a doctor's excuse Plaintiff submitted in her absence from work. (Id., at 11).  Later, in September 2012, Plaintiff received notice that her

name was placed #1 on the list of employees eligible for the 2012 PSD II promotion. (Shoots I, Doc. 22 at 55). Two days later, Sgt. Shumock issued an Observation Form reprimanding Plaintiff for her involvement in an incident that happened approximately a month earlier, during which Shoots contacted an officer and requested that he bring food for two operators while he was on duty, which is against policy. (Shoots I, Doc. 22 at 55; Id., at Doc. 16 at 13). Subsequently, another African-American female was hired for the vacant PSD II position. Plaintiff contends that these various actions illustrate Sgt. Shumock's constant racial discrimination, retaliation, and harassment of Plaintiff, and that as a result, in September 2012, Plaintiff was forced to seek medical treatment and was later diagnosed with an anxiety attack, which required her to miss two days of work. (Id., Doc. 16 at 8).

On April 25, 2013, Attorney Henry Ravesies Seawell, IV, filed a notice of appearance on Plaintiff's behalf. (Shoots I, Doc. 46). Subsequently, on May 20, 2013, Defendants filed a motion seeking summary judgment on Plaintiff's racial discrimination, retaliation, and harassment claims in Shoots I. Attorney Seawell filed a response on Plaintiff's behalf. (Id., Doc. 59). On June 28, 2013, this Court granted Defendants' summary judgment motion, and entered judgment in favor of the Defendants. Plaintiff appealed the ruling; however, Plaintiff's appeal was dismissed for her failure to pay the filing fee. A few weeks later, on June 13, 2013, Plaintiff initiated the instant suit alleging racial discrimination, harassment, and retaliation against the City and Sgt. Shumock in connection with the events

3

enumerated above and the 2012 promotion ("Shoots II").

On June 16, 2014, the Defendants filed their Answers to Plaintiff's Amended Complaint with affirmative defenses. (Docs. 47, 48). In the instant motion Defendants seek summary judgment arguing, inter alia, that Plaintiff's claims are barred by res judicata, as Plaintiff litigated the facts related to the underlying complaint in her previous lawsuit, and this Court rendered judgment in Defendants' favor. (Shoots II, Docs. 70, 74). When ordered to respond to Defendants' arguments Plaintiff filed a response stating, "Plaintiff Shoots, through counsel, gives notice that she does not contest the granting of summary judgment in this case." (Id., Doc. 83).

## II. Discussion

### A. Standard of Review

It is well-established that summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting former Fed. R. Civ. P. 56(c)).

> The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or

4

> pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id., at 322–24.
>
> Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id., at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. See Anderson, 477 U.S. at 255.

ThyssenKrupp Steel USA, LLC v. United Forming, Inc., 2013 U.S. Dist. LEXIS 28034, *5-7, 2013 WL 765314, *1-2 (S.D. Ala. Jan. 29, 2013) (citations omitted).

### B. Analysis

There is a necessary corollary to the settled principle that if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Where a plaintiff has brought a cause of action, which is challenged, through motion for summary judgment as legally insufficient, it is incumbent upon the plaintiff to affirmatively respond to the merits of a summary judgment motion. Indeed, a Plaintiff's failure to respond to these arguments constitutes an abandonment of these causes of action and essentially acts as a waiver of her claims. Solutia Inc. v. McWane, Inc., 672 F.3d 1230, 1239 (11th Cir. 2012) (citing Resolution Trust Corp. v. Dunmar Corp., 43 F.3d

587, 598 (11th Cir. 1995)); Abraham v. Greater Birmingham Humane Soc'y, Inc., 2013 U.S. Dist. LEXIS 45764, *11 (N.D. Ala. Mar. 28, 2013); See e.g., Hackett v. Cmty. Behavioral Health, 2005 U.S. Dist. LEXIS 8410, 2005 WL 1084621, *6 (E.D. Pa. May 6, 2005) (failure to address claims waives opportunity to contest summary judgment on that ground).

This principle compels dismissal of Shoot's claims. Defendants have challenged the legal sufficiency of Plaintiff's claims in two comprehensive and well documented summary judgment motions (Docs. 70, 74), and Plaintiff has filed a response stating that she does not contest Defendants arguments. She makes no legal argument defending her causes of action. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claims. Solutia Inc., 672 F.3d at 1239 ("the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned").

The Court further concludes that Shoots, and her counsel, have correctly elected to abandon Shoots claims, for assessment of Defendants' arguments reveals "there is no genuine issue as to any material fact and [both Defendants] [are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "To prevail on a discrimination claim under Title VII and § 1981, an employee must establish that 'she was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class.'" Butler v. Alabama Department of Transportation, 536 F.3d 1209, 1215 (11th Cir. 2008) (citing Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087

(11th Cir. 2004) and Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998)). The Court finds that Plaintiff has failed to prove that she was subjected to an adverse employment action as a result of her race.  Indeed, while Plaintiff has satisfied her burden with respect to the first three elements of her Title VII prima facie case[2] she has failed to submit evidence that, after her rejection for the PSD II position in 2012, the position remained open, and Defendants continued to seek applications from persons with her qualifications or, alternatively, that the position was filled by a person outside of the protected class to which the plaintiff belongs. To the contrary, the evidence proves that the City filled the 2012 PSD II position by hiring a member of Plaintiff's protected class, a fellow African-American female. The City's hiring of a member of Plaintiff's protective class to fill the subject position negates Plaintiff contention that the City refused to hire her on account of her race.  Accordingly, because Plaintiff fails to establish that she suffered an

---

[2] The complainant in a Title VII case must carry the initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (U.S. 1973).  This may be done by showing that the plaintiff belongs to a protected class under Title VII; (ii) that she applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite her qualifications, she was rejected; and (iv) that, after her rejection, the position remained open, and the employer continued to seek applicants from persons of complainant's qualifications or that the position was filled by a person outside the protected class. See id.; see also Walker v. Mortham, 158 F.3d 1177, 1180 n.2 (11th Cir. 1998).  Once Plaintiff has made this showing, the burden then shifts to the Defendant employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell Douglas, 411 U.S. at 802. "If the employer meets this burden, the plaintiff must show that the proffered reasons were pretextual." Springer v. Convergys Customer Management Group Inc., 509 F.3d 1344, 1347 (11th Cir. 2007) (citations omitted).   "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Id.

"adverse employment action" based on her race she cannot sustain her discrimination claims under Title VII and § 1981.

### III. Conclusion

For the reasons set forth herein, it is **ORDERED** that Defendants' motions for summary judgment (Docs. 70, 74) are **GRANTED**, and this case is **DISMISSED**.

**DONE** and **ORDERED** this 18th day of March, 2015.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE